CRAIN, Judge.
Anthony Kelvin Robertson was charged by bill of information with aggravated burglary, a violation of La.R.S. 14:60. After trial by jury, he was found guilty of the responsive offense of attempted aggravated burglary (a violation of La.R.S. 14:27 and 60) and subsequently was sentenced to serve fifteen years at hard labor, with credit for time served. Defense counsel perfected an out-of-time appeal but merely urged that the record be inspected for error patent.[1] This Court granted defendant co-counsel status and allowed him to urge assignments of error and file an appellate brief. Our inspection of the record reveals no patent errors. Therefore, this opinion deals only with the arguments advanced by defendant in proper person:
1) The jury consisted of an incorrect number of persons.
2) The evidence was insufficient to support the conviction due to its unreliable, contradictory, and uncorroborated nature.
3) Defense counsel was ineffective for failure to object to hearsay testimony.
4) The hill of information was defective because it failed to set forth the elements of the offense with sufficient particularity.
5) The trial court confined the jury to only a few verdicts.
FACTS
Only the victim and the investigating officer testified at trial. The victim testified that he was awakened around midnight on July 10, 1989, when a man kicked in the *256 door of his home. The victim grabbed a loaded gun to confront the intruder, but it “snapped” and was taken by the intruder. Although the intruder wore a handkerchief over his mouth, the victim recognized him (by his appearance and voice) as defendant, whom he had known since defendant was a teenager. Defendant asked the victim for money, but the victim claimed to have none. He told defendant that his sister, who also lived in the house, had some money. Defendant pistol whipped, beat, and kicked the victim. He then fled the premises, taking the gun with him.
Since the victim had no telephone in his house, he went to his daughter’s home a short distance away to notify the police. When the police arrived, the victim identified the intruder as defendant. Police arrested defendant at his home a short time later. He was wearing the same clothing described by the victim as worn by the intruder. The gun was not found.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues that the jury consisted of only ten or eleven persons instead of twelve persons, as required by La. Const. Art. I, sec. 17. He bases this contention on a statement by the trial court during a discussion of the racial composition of the jury, apparently placed on record in anticipation of any possible challenge by defendant. He argues that the transcript controls over the minute entry, which clearly reflects the selection of twelve jurors and one alternate, including their names.
The statement of the trial court upon which defendant relies was as follows:
Let the record reflect that the composition of the jury, insofar as racial lines are concerned, is composed of Cutrer, Ms. Jefferson, Mr. Blackburn, Ms. Hughes, Ms. Brown, Ms. Walker, Mr. Cook, all of whom are black. Mr. Cutrer, Saucier, Strickland, Starkey, are white.
Defendant argues that the jury consisted only of the eleven persons listed by the trial court, and possibly only ten persons since the name of Mr. Cutrer was mentioned twice.
Consistently throughout the record, reference is made to the jury of twelve persons. (For example, the minute entry of voir dire reflects selection of a twelve person jury and one alternate, by name; and the record also reflects the presence of a twelve person jury following various recesses.) The statement by the trial court enumerating the racial composition of the jury obviously was not an accurate listing of all the persons composing the jury and, when taken in context, is not even an indication that the jury was not properly composed. We find no merit in this argument.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends that the evidence was insufficient to support the conviction, focusing specifically on the proof of his identity as the perpetrator. He cites various inconsistencies in the victim’s testimony and the lack of any corroborating evidence, such as fingerprints.
The proper procedural vehicle for raising the sufficiency of the evidence is by first filing a motion for post verdict judgment of acquittal before the trial court. La.C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. State v. Leagea, 554 So.2d 833, 835 (La.App. 1st Cir.1989).
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime and the defendant’s identity as the perpetrator of that crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. Johnson, 461 So.2d 673, 674 (La. App. 1st Cir.1984). Where the key issue raised by the defense is defendant’s identification as the perpetrator, rather than whether or not the crime was committed, the state is required to negate any reasonable probability of misidentification. State v. Richardson, 459 So.2d 31, 38 (La.App. *257 1st Cir.1984). The testimony of the victim is sufficient to establish the elements of the offense. State v. Creel, 540 So.2d 511, 514 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989).
The victim was born in 1912 and was almost eighty years old at the time of trial. His testimony reflects that he was nervous and upset. However, the victim was adamant that defendant was the person who intruded into his home, demanded money, and beat him severely with the gun. The investigating officer testified that there was no surface touched by the intruder which was suitable for print dusting. Thus, the police did not develop any independent evidence of the identity of the intruder. Nevertheless, the jury chose to believe the victim’s testimony, which adequately supports the verdict; and the state negated any reasonable probability of mis-identification. We find no merit in this argument.
ASSIGNMENT OF ERROR NUMBER THREE
Defendant argues that defense counsel was ineffective for failure to object to three instances of hearsay testimony. While we recognize that an ineffective counsel argument is more properly raised by post conviction relief application, we elect to address this argument, which patently is without merit.
Louisiana Code of Evidence article 801 C defines hearsay as “a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.”
Defendant first complains of alleged hearsay testimony involving a statement given to police by the victim’s son. During cross-examination, the investigating officer testified that, several days after the offense, the victim’s son (described as “mentally retarded”) went to the police officer and made a statement. Apparently, the son had been outside the house during the time the offense was committed. The officer asked if defense counsel wanted him to relate what the son stated, despite the fact that it was hearsay. Defense counsel declined the offer. On redirect examination, the state asked the officer if anything the son had said was contradictory. The officer responded: “No, sir, it wasn’t.” It is this question and answer to which defendant objects. However, the officer never testified as to the statement given by the victim’s son. Even were we to consider as hearsay the reference to the statement as noncontradictory, any error obviously was harmless. The officer had described the son as mentally retarded. He went to the police office several days after the offense and made a noncontradic-tory statement. The state apparently placed no value on the son as a witness, and it is not reasonable to assume that the jury would be at all impressed with a statement by a mentally retarded person who did not claim until several days after the event to have witnessed the brutal beating of his father. We feel it can be decided with certainty that the error is “unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.” Yates v. Evatt, — U.S. -, 111 S.Ct. 1884 at 1893, 114 L.Ed.2d 432 (1991), modified by Estelle v. McGuire, — U.S. -, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).
Second, the defendant complains that the victim testified about statements made by police officers with reference to the intruder taking the gun from the victim and the police finding the defendant in bed at his home. As previously noted, the elderly victim was very upset and nervous during his testimony, which was not always responsive to the questions asked by the attorneys. While technically of a hearsay nature, this testimony by the victim was clearly harmless in light of the prior testimony of the investigating officer and the victim’s unqualified identification of defendant as the intruder. The testimony basically was cumulative and corroborative of other testimony, and any error in admitting it was harmless. See State v. Byrd, 540 So.2d 1110, 1114 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989).
*258 Third, defendant complains of the victim’s testimony in response to a question asked by defense counsel. After counsel asked the victim if he had told his daughter (from whose home he reported the crime) the name of the intruder, the following exchange occurred:
A. She knew.
Q. She knew?
A. She knew the man.
Q. So, she knew who had done this to you?
A. Yes, sir, she knew.
Q. So, she came up with the name? Is that right?
A. She was out the night looking— she knew it herself, she said.
Q. So, she’s the one that produced the name to give to the police?
A. She called, she called the police.
Q. And she told them Calvin (sic) Robertson did this.
A. That’s where I went to make the phone call, sir, that’s all I can tell you. I couldn’t hardly see, sir. I was beat all up, beat to death.
Defendant claims the victim’s testimony about his daughter knowing the name of the intruder constituted hearsay. However, it is obvious from the exchange that the elderly victim was confused by the questioning and was not relaying a statement made by his daughter. Defense counsel finally obtained the information he sought a few moments later when he asked the victim who had given a name to the police and the victim responded that he had told the police the name of the intruder.
Having found no prejudicial error in any of the testimony cited by defendant, we likewise find no merit to his contention that his attorney was ineffective. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
ASSIGNMENT OF ERROR NUMBER FOUR
Defendant contends that the bill of information was defective in failing to inform him of the elements of the offense of aggravated burglary and attempted aggravated burglary and that this lack of notice was not cured by the state’s answer to his motion for bill of particulars. Thus, defendant concludes that he was not given adequate notice of the crime charged.
The bill of information herein complied with the requirements of La.C.Cr.P. art. 465 A, subsection 13, in charging defendant with the aggravated burglary of the dwelling belonging to Willie Ard. It was not necessary for the charging instrument to reference the crime of attempted aggravated burglary, the responsive verdict in this case. Defendant was not charged with attempted aggravated burglary; the jury simply returned that responsive verdict, as authorized by La.C.Cr.P. art. 814 A, subsection 42.
The state’s answer to defendant’s motion for bill of particulars set forth that the owner of the structure was Willie Ard and that defendant intended to commit a felony and battery while armed with a dangerous weapon. These answers were sufficient, and we find that defendant did not lack adequate notice of the crime with which he was charged.
ASSIGNMENT OF ERROR NUMBER FIVE
Defendant argues that the trial court limited the jury to the selection of only a few verdicts, all of which were guilty verdicts. He bases this contention on an instruction by the trial court to the jury following its first attempt to return a verdict.
After closing arguments, the trial court instructed the jury as to the applicable law and possible responsive verdicts, including that of not guilty. After deliberation, the jury foreperson reported that the jury had reached a verdict. The trial court asked to see the verdict and, after viewing it, stated:
Ladies and Gentlemen, I must remand you back to the jury room. The writing on the front of this piece of paper must be identical to what is on the back.
I think I know what you are trying to tell me, but you have to write it exactly as each one of these separate verdicts are listed.
*259 It’s either going to be guilty, guilty of attempted aggravated burglary, guilty of simple burglary, but the words “guilty of” must be written on the front of the page.
The trial court then remanded the jury.
Defendant argues that the trial court instructed the jury to return a verdict of guilty of some offense. However, defendant is taking these remarks by the trial court out of context. Obviously, the jury had reached some guilty verdict; but it was not placed in the proper form. The trial court simply was instructing the jury to write the verdict on the form exactly the way it was written on the list of responsive verdicts provided to the jury. The minute entry of trial reflects that only ten minutes elapsed between the remand of the jury after the instruction as to form and the return of the jury to court. The jury obviously did' not return to actual deliberations but, rather, simply corrected the form of its verdict. We find no merit in defendant’s argument.
CONVICTION AND SENTENCE AFFIRMED.

. This Court automatically examines a record for error patent under La.C.Cr.P. art. 920(2). It is not necessary to request such an examination,