633 So.2d 301 (1993)
STATE of Louisiana
v.
Donald HAWKINS.
No. KA 93 0013.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
*302 Doug Moreau, Dist. Atty., Baton Rouge, Sonceree Smith, Asst. Dist. Atty., for State-appellee.
Bryan Bush, Baton Rouge, for defendant-appellant.
Before CARTER, GONZALES and WHIPPLE, JJ.
GONZALES, Judge.
The defendant, Donald Hawkins, was charged by bill of information with molestation of a juvenile, a violation of La.R.S. 14:81.2. He pled not guilty, and after trial by jury, was found guilty as charged.[1] He *303 was sentenced to ten years imprisonment with credit for time served. The defendant has appealed urging the following eleven assignments of error:
1. The trial court erred in failing to grant a Motion for New Trial and Arrest of Judgment when there was no showing at trial that the difference in age between the defendant and the victim was greater than two years.
2. The trial court erred in granting the state's Prieur motion to permit testimony concerning other offenses alleged to have been committed by the defendant.
3. The trial court erred in failing to declare a mistrial for the improper argument of the prosecutor.
4. The trial court erred in failing to admonish the jury to disregard the comments made by the prosecutor in her closing argument.
5. The trial court erred in permitting Melinda Logan, Social Services Specialist III, to testify that her investigation was "concerning sexual intercourse by [victim's] father, Mr. Donald Hawkins."
6. The trial court erred in permitting Melinda Logan to testify that the victim's demeanor was similar to that of children who are victimized sexually, without requiring that she be qualified as an expert.
7. The trial court erred in permitting Melinda Logan to testify as to previous investigations involving S. Hawkins and sexual intercourse with the defendant.
8. The trial court erred in permitting Melinda Logan to testify by use of hearsay.
9. The trial court erred in permitting Kathy Guttry to testify by use of hearsay.
10. The trial court erred in permitting Lorraine Hawkins to testify that she signed a statement which was made by her daughter, even though she was not present when the statement was made.
11. The trial court erred in sustaining the state's objection alleging hearsay testimony during defense counsel's questioning of S. Hawkins.
The victim, who was fifteen years old at the time of trial, testified that in September of 1989, her stepfather, the defendant, stayed at her home when her mother went out of town. She stated that she was watching television with her sister and brother when the defendant came into the room and told them to put on their "sleeping" clothes and go to bed. She stated that they changed clothes as instructed, but then went back to watch television before going to sleep. The victim testified that she slept in the same room with her sister and brother.
She stated that the defendant came into the room and instructed her to fold some clothes in his bedroom. The victim testified that the defendant followed her into his bedroom and told her to lay down on the bed, which she did. She stated that the defendant took off her nightgown and then took off his own clothes. She testified that the defendant rubbed her breasts, laid on top of her and put his "private part" on her "private part;" and then the defendant put his mouth on her "private part."
The victim testified that, after the defendant got off of her, she left the bedroom and went to her room. She stated that she did not tell her mother until later because she was scared. She also testified that, on an occasion prior to this incident, the defendant locked her in a room and touched her. The victim subsequently told her mother about the incidents; the police were notified, and the defendant was subsequently arrested.

ASSIGNMENT OF ERROR NUMBER ONE:
In his first assignment of error, the defendant contends that the trial court erred *304 in failing to grant a Motion for a New Trial and Arrest of Judgment as there was not a showing at trial that the age difference between him and the victim was greater than two years. In his brief to this Court, the defendant argues that the trial record is devoid of any showing of his age, and thus, a new trial should have been granted since an essential element of the crime was not proven.
Notwithstanding the lack of direct evidence presented at the trial that the defendant was over the age of seventeen and more than two years older than the victim at the time of the offense, these facts can be inferred from the following evidence: (1) the defendant was married to the victim's mother; (2) the defendant's sixteen year old daughter, S. Hawkins, testified at trial; and (3) the defendant was being tried as an adult rather than a juvenile. See State v. Francis, 560 So.2d 514, 518-519 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990); State v. Shelton, 545 So.2d 1285, 1294 (La.App. 2d Cir.), writ denied, 552 So.2d 377 (La.1989). Also, the victim's birth certificate states that on the date of the victim's birth, November 28, 1976, the defendant was twenty-four years of age.[2] Thus, we reject the defendant's contention that the evidence was insufficient to support his conviction. The essential elements of the offense were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO:
The defendant contends in his second assignment of error that the trial court erred in granting the state's Prieur motion to permit testimony concerning other offenses alleged to have been committed by him for the purpose of establishing modus operandi or system. In his brief to this Court, the defendant argues that it was error to allow the state to introduce evidence of a crime to which he had previously pled guilty. The defendant argues that the state failed to meet three of the requirements set forth by the Louisiana Supreme Court for the admission of other crimes evidence to prove modus operandi or system.
Generally, evidence of criminal offenses other than the offense being tried is inadmissible as substantive evidence because of the substantial risk of grave prejudice to the defendant. State v. McDermitt, 406 So.2d 195, 200 (La.1981). In order to avoid the unfair inference that a defendant committed a particular crime simply because he is a person of criminal character, evidence of the commission of other crimes is inadmissible unless the evidence has an independent relevancy besides simply showing a criminal disposition. State v. Lafleur, 398 So.2d 1074, 1080 (La.1981). Article 404(B)(1) of the Louisiana Code of Evidence provides the following exceptions to the general rule of inadmissibility of other crimes evidence:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
The state filed pretrial notice of its intent to use other crimes evidence and requested a pretrial hearing to determine the admissibility of the evidence. The notice informed the defendant of the state's intent to use the defendant's prior conviction of incest with his daughter, S. Hawkins, at the defendant's trial to establish the defendant's "knowledge, intent, guilty knowledge, system[,] and motive." At the Prieur hearing held on March 9, 1992, the court heard a summary of the evidence the state intended to introduce, the defendant's opposing arguments, and then took the matter under advisement. The court subsequently ruled that the state would be allowed to introduce the other crimes evidence as long as it was used for the *305 purposes set out in State v. Henry, 436 So.2d 510 (La.1983).
In Henry, the Louisiana Supreme Court discussed the requirements for admissibility of other crimes evidence under the modus operandi or system exception as discussed in State v. Hatcher, 372 So.2d 1024 (La.1979). According to the Supreme Court, in order to be admissible the extraneous offense evidence must meet several tests: (1) there must be clear and convincing evidence of the commission of the other crimes and the defendant's connection therewith; (2) the modus operandi employed by the defendant in both the charged and the uncharged offenses must be so peculiarly distinctive that one must logically say that they are the work of the same person; (3) the other crimes evidence must be substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character; (4) the other crimes evidence must tend to prove a material fact genuinely at issue; and (5) the probative value of the extraneous crimes evidence must outweigh its prejudicial effect. State v. Henry, 436 So.2d at 513.
In his brief to this Court, the defendant argues that the other crimes evidence introduced at his trial fails to meet the last three tests set out in Henry. We disagree and find that the trial court did not err in allowing the state to introduce the other crimes evidence. At trial, the state presented evidence of the defendant's conviction of incest with his minor daughter, S. Hawkins. The defendant pled guilty to this crime on October 10, 1989; the crime was committed on or about May 8, 1989. S. Hawkins testified that, at the time of the instant trial, she was sixteen years old. She stated that the defendant is her father and that he had previously had oral sex with her.
The other crimes evidence was substantially relevant for a purpose other than to show a probability that the defendant committed the instant crime because he is a man of criminal character. The evidence also tended to prove a material fact at issue. The evidence of the defendant's conviction of incest was admitted to show that the defendant had a system of past deviant behavior with young female family members and not to prove that he committed the instant crime because he committed other crimes in the past. Also, the conviction was relevant to show the defendant's intent, to show that his behavior was not accidental or inadvertent, and to show that the defendant had guilty knowledge. The defendant denied molesting the victim; however, this was the same type of crime committed against S. Hawkins. The victim testified that the defendant put his mouth on her "private part," and S. Hawkins testified that the defendant had oral sex with her. The evidence was also relevant to show that the defendant's past incest conviction occurred in close proximity in time as the offense charged in the present case. The crimes occurred close enough in time to constitute a pattern of behavior.
Finally, we determine that the probative value of the information outweighed its prejudicial effect. Before allowing S. Hawkins to testify as to the other crimes evidence, the trial court instructed the jury that the defendant's conviction was only to be considered for the limited purpose of deciding whether or not it tended to show the defendant's intent, knowledge, system, and motive. The court specifically stated that the jury was not to find him guilty of the instant offense because he committed a separate offense. Thus, we find that the trial court did not err in allowing the state to introduce the other crimes evidence. This assignment of error is without merit.

ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR:
In assignment of error number three, the defendant contends that the trial court erred in failing to declare a mistrial due to the improper argument of the prosecutor. In his fourth assignment of error, the defendant contends that the trial court erred in failing to admonish the jury to disregard certain comments made by the prosecutor during her closing argument.
In his brief to this Court, the defendant states that the prosecutor referred to him as a "`child molester' who did it then and has done it now." The defendant contends that he was not previously convicted of child molestation *306 but rather had previously pled guilty to incest. He argues that, because of these comments by the prosecutor, he was entitled to a mistrial or at least an admonition to the jury to disregard the comments.
According to the record, during the state's rebuttal closing argument, the following exchange took place:
BY MS. SMITH [prosecutor]:
FOR MR. SALAT [defendant's trial counsel] TO GET UP HERE AND SAY THAT HE PRAYS THAT GOD PUTS IT IN YOUR MIND TO LET THAT MAN LOOSE IS NOTHING BUT PURE, UNMITIGATED BLASPHEMY, BECAUSE THIS MAN IS A CHILD MOLESTER.
THE COURT: COUNSELOR
BY MS. SMITH: HE MOLESTED THE FIRST DAUGHTER AND HE MOLESTED
MR. SALAT: OBJECTION, OBJECTION, YOUR HONOR. BLASPHEMY?
At this point the court excused the jury and admonished the prosecutor. The court instructed her that, if she did "that" again, he was going to hold her in contempt of court. Defense counsel did not make a motion for a mistrial nor did he request the court to admonish the jury. Additionally, although defense counsel did make an objection to remarks made by the prosecutor, he referred to her use of the term "blasphemy" and did not say anything about her use of the term "child molester."
It is well settled that defense counsel must state the basis for his objection when making it and must point out the specific error which the trial court is making. La.C.Cr.P. art. 841(A). The grounds of the objection must be sufficiently brought to the attention of the trial court to allow it to make the proper ruling and correct any claimed prejudice. A defendant is limited on appeal to grounds for objection articulated to the trial court. A new basis for objection cannot be raised for the first time on appeal. State v. Coates, 509 So.2d 438, 440 (La.App. 1st Cir.1987).
Accordingly, the defendant waived any error by failing to move for a mistrial, ask for an admonition, or enter a proper contemporaneous objection. La.C.Cr.P. arts. 770 and 841; State v. Sisk, 444 So.2d 315, 316 (La.App. 1st Cir.1983), writ denied, 446 So.2d 1215 (La.1984). Moreover, after reviewing the state's rebuttal closing argument, we fail to find reversible error. The prosecutor did not go beyond the evidence. The evidence supported the prosecutor's remark which, taken in the context in which it was made, was not so inflammatory as to necessitate a reversal. Additionally, when the prosecutor stated that the defendant molested the first daughter rather than saying he was convicted of incest with the first daughter, this statement was simply a mischaracterization of the conviction which was previously determined to be admissible and properly before the jury. This was not an improper reference to another crime of which the evidence was not admissible. Thus, assignments of error numbers three and four are without merit.

ASSIGNMENT OF ERROR NUMBER FIVE:
In his fifth assignment of error, the defendant contends that the trial court erred in permitting Melinda Logan, Social Services Specialist III, to testify that her investigation was "concerning sexual intercourse by [victim's] father, Mr. Donald Hawkins." The defendant contends that he was charged with molestation and that there was no proof of intercourse presented. He argues that the witness' statement was made for the sole purpose of prejudicing the jury. He contends that the statement should have been inadmissible as it was irrelevant and prejudicial.
After reviewing the record, we find that the defendant failed to lodge a contemporaneous objection to the allegedly inappropriate statement by the witness, and thus, failed to preserve for review any alleged error. The defendant is precluded from raising this issue on appeal. See La.C.Cr.P. art. 841(A). Moreover, after reviewing the testimony, we fail to find error. The witness gave this statement in response to the prosecutor's question, "Could you explain to the jury exactly what your investigation entailed?" The witness' answer was relevant to *307 the instant case as it helped to explain how and for what reasons Ms. Logan got involved in the instant case. Additionally, we are unable to find that the defendant was unfairly prejudiced by this statement. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER SIX:
The defendant contends in his sixth assignment of error that the trial court erred in permitting Melinda Logan to testify that the victim's demeanor was similar to that of children who are victimized sexually, without requiring that the witness be qualified as an expert.
Initially, we note that the defense failed to lodge a contemporaneous objection to this witness' testimony, and thus, failed to preserve for review any alleged error. The defendant is precluded from raising this issue on appeal. See La.C.Cr.P. art. 841(A). Moreover, after reviewing the record we find that had there been error in allowing the testimony, which we need not decide, the error would have been harmless. An observation by Ms. Logan that the victim had the demeanor of a child who had been sexually victimized is merely cumulative of other evidence in the record that the victim was indeed molested by the defendant. Thus, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER SEVEN:
The defendant contends in his seventh assignment of error that the trial court erred in allowing Melinda Logan to testify regarding previous investigations involving S. Hawkins and sexual intercourse by the defendant. He argues that Ms. Logan should not have been allowed to allude to the prior incestuous relationship between the defendant and his daughter, S. Hawkins.
Initially, we note that the defense failed to lodge a contemporaneous objection to this witness' testimony, and thus, failed to preserve for review any alleged error. The defendant is precluded from raising this issue on appeal. See La.C.Cr.P. art. 841(A). Moreover, after reviewing the testimony, we fail to find error. The witness was testifying to other crimes evidence which the trial court previously had ruled to be admissible. This Court affirmed the trial court's ruling in assignment of error number two. Thus, this assignment of error is without merit.

ASSIGNMENTS OF ERROR NUMBERS EIGHT AND NINE:
In his eighth assignment of error, the defendant contends that the trial court erred in permitting Melinda Logan to give hearsay testimony. The defendant contends in his ninth assignment of error that the trial court erred in allowing Baton Rouge City Police Officer Kathy Guttry to give hearsay testimony.
Initially, we note that the defense failed to lodge a contemporaneous objection to the testimony of these witnesses, and thus, failed to preserve for review any alleged error. The defendant is precluded from raising these issues on appeal. See La.C.Cr.P. art. 841(A). Moreover, after reviewing the testimony of these witnesses, we fail to find reversible error. Upon being asked by the prosecutor whether or not she found the case to be valid after speaking with the victim, Ms. Logan answered that she "validated the case on fondling, due to the fact that [the victim] said that her father had fondled her breasts." While technically of a hearsay nature, this testimony was harmless in light of the testimony of the victim. The testimony was cumulative and corroborative of other testimony, and any error in admitting it was harmless. State v. Robertson, 603 So.2d 254, 257 (La.App. 1st Cir.1992).
The subject of defendant's ninth assignment of error is testimony by Officer Guttry, who after being asked why she did not arrest the defendant after speaking with the victim and her mother stated, "The reason I didn't make an arrest is the mother decided that if he were to be arrested he would lose his job and she would lose her means of support." Officer Guttry's testimony was not offered for the truth of the matter asserted, but for the limited purpose of explaining why the defendant was not immediately arrested. Thus, we conclude that this testimony was not hearsay. La.C.E. art. *308 801(C). These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER TEN:
In his tenth assignment of error, the defendant contends that the trial court erred in permitting the victim's mother, Lorraine Hawkins, to testify that she signed a statement which was made by her daughter, even though she was not present when the statement was made. The defendant argues that Mrs. Hawkins should not have been allowed to testify as to the veracity of her daughter's statement because she was not present when the statement was given. The defendant argues that, according to La.C.E. art. 602, a witness cannot testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter.
In his brief to this Court, the defendant refers to trial transcript pages 61 and 120-123. After reviewing the record, we find that the defendant failed to lodge a contemporaneous objection to any of this testimony, and thus, failed to preserve for review any alleged error. The defendant is precluded from raising this issue on appeal. See La. C.Cr.P. art. 841(A). Moreover, after reviewing the testimony, we fail to find error. Mrs. Hawkins did not testify as to the veracity of her daughter's statement, but rather, testified that her daughter gave a statement to the police. On cross-examination, Mrs. Hawkins testified that she took the victim to the police station, that the authorities obtained a statement from the victim, and that she, as mother of the minor victim, signed the victim's statement. Although she admitted that she was not present during the entire time when her daughter was giving the statement, Mrs. Hawkins was not testifying as to the contents of the statement, but merely that she signed the statement. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER ELEVEN:
In his eleventh assignment of error, the defendant contends that the trial court erred in sustaining the state's objection alleging hearsay testimony when counsel was questioning S. Hawkins. The defendant argues that the statements were not hearsay and the witness should have been allowed to answer his question regarding what the doctor found when he examined her.
After reviewing the testimony of S. Hawkins, we are unable to find any questioning by the defense with regard to a doctor's diagnosis or any objection by the state as to hearsay. In his brief, defendant makes no reference to the volume or page in the record where this testimony of S. Hawkins is found. According to Uniform Rules-Courts of Appeal Rule 2-12.4, an argument on an assignment of error in a brief shall include a suitable reference by volume and page to the place in the record which contains the basis for the alleged error. This Court may disregard an argument on that error in the event suitable reference to the record is not made.
However, in the event that defense counsel erred by referring to the testimony of S. Hawkins when he meant to refer to the testimony of the victim of the instant crime, we have reviewed the record and found that the question, the state's objection, and the trial court's ruling which are apparently the subject of assignment of error number eleven do appear in the record during the testimony of the victim.
During his cross-examination of the victim, defense counsel, after asking the victim whether or not she had been examined by a doctor, asked, "And did he not inform you that there had been no" prior to being interrupted by the prosecutor's objection. The trial court sustained the objection ruling that the question called for hearsay. Defense counsel failed to object to the trial court's ruling. Acquiescence by defense counsel when the court sustains a state's objection to the examination of a witness results in a waiver of that objection. State v. Huizar, 414 So.2d 741, 749 (La.1982). In the instant case, defense counsel's failure to lodge a contemporaneous objection to the trial court's ruling constituted a waiver of that objection, and thus, the defendant is precluded from raising this issue on appeal. La.C.Cr.P. art. 841. Thus, this assignment of error is without merit.
*309 CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The defendant's original trial counsel filed a motion for a new trial on April 1, 1992. The trial court signed the order and granted a hearing on the motion to be held on May 28, 1992, which was the date of defendant's sentencing hearing. The wording in the order signed by the trial judge appears to grant the defendant a new trial. However, the defendant's appeal counsel filed another motion for a new trial on July 15, 1992, which was denied by the trial court. Also, prior to the second motion but after the first motion, the defendant's appeal counsel filed a motion for continuance of sentencing because he needed additional time to prepare his motion for a new trial. Thus, we conclude that the above referenced order signed by the trial court was intended to grant the defendant a hearing on his motion for a new trial rather than to grant the defendant a new trial.
[2] During her testimony, the victim referred to the defendant as her stepfather; however, the defendant is listed as the victim's father on her birth certificate.