# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-730

**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL LEE WALLS**

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 89486 AM
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

************

## SYLVIA R. COOKS
### JUDGE
************

Court composed of Sylvia R. Cooks, Billy H. Ezell, and Candyce G. Perret, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**Asa A. Skinner, District Attorney**
**Lea R. Hall, Jr., Assistant District Attorney**
**P.O. Box 1188**
**Leesville, LA 71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**


**S. Christie Smith, IV**
**SmithAdvocates, LLC**
**300 Courthouse Street**
**P.O. Drawer 1528**
**Leesville, LA 71496**
**(3370) 239-2244**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Michael Lee Walls**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On July 21, 2016, Defendant, Michael Lee Walls, was indicted on one count of molestation of a juvenile when the offender has control or supervision over the juvenile, in violation of La.R.S. 14:81.2(A)(1); and one count of indecent behavior with a juvenile under the age of thirteen, in violation of La.R.S. 14:81(A)(1) and 14:81(H)(2). The molestation charge was based upon allegations that Defendant, while having supervision of the juvenile, had "anal sexual intercourse" with S.H. The indecent behavior charge was based upon facts alleging Defendant chased S.H.'s sister, J.H., "while wearing Sponge Bob underwear with his penis hanging out."

Following a multi-day trial, a unanimous jury found Defendant guilty as charged on both counts on March 23, 2017. The trial court ordered a Pre-Sentence Investigation (PSI). On May 24, 2017, the trial court sentenced Defendant to eighteen years at hard labor for the molestation of a juvenile charge and eighteen years at hard labor without the benefits of probation, parole, or suspension of sentence for the indecent behavior charge. Noting the case involved "an issue of having occurred on multiple occasions to multiple victims," the trial court ordered the two sentences to run consecutively to each other.

On May 26, 2017, Defendant filed a "Motion to Reconsider Sentence," arguing his sentences were excessive as they were partially based upon disputed evidence and that Defendant's age (sixty-three years old) and health meant the thirty-six year total sentence was essentially a life sentence. The trial court denied the motion.

In late December, 2018, this court noticed, and the State raised in its brief, that Defendant's brief was devoid of any page references to the record, in violation of Uniform Rules—Courts of Appeal, Rule 2-12.4(A), which requires an appellant's

brief to contain "reference to the specific page numbers of the record and citations to the authorities on which the appellant relies."

Defense counsel was verbally notified he had until January 7, 2019, to file an amended brief containing record references, with a written order stating the same sent on December 26, 2018. On January 11, 2019, this court received a faxed courtesy copy of said brief which was unsigned and included a certificate of service noting "a copy of this Brief has been served on all parties at the addresses set forth below by depositing same into the U.S. Mail on the 31[sic] day of October 2018." On January 16, 2019, this court received a signed original of Defendant's Supplemental Brief. The brief was postmarked on January 14, 2019. A review found, after comparing the page references to the record, none of them are accurate aside from the references pertaining to Defendant's assignment of error number one.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is an error in the commitment order that requires correcting.

At sentencing, the trial court ordered the sentences to be served consecutively. Although the minutes of sentencing correctly reflect the sentences were ordered to be served consecutively, the commitment order does not provide so, stating "[t]his sentence shall be concurrent with any or every sentence the offender is now serving[.]" There is no other statement in the commitment order as to the imposition of the sentences to run consecutively. Therefore, we order the commitment order to be corrected to accurately reflect the trial court's imposition of the sentences to run consecutively to one another.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Defendant contends he should receive a new trial on the grounds the trial court erred in denying his for cause challenge to strike

3

a juror, Ms. Shawn Moak. Defendant alleges this forced him to use a peremptory challenge to remove her. However, as noted by the State, there is no evidence in the record to support Defendant's claim that he used a peremptory strike to remove Ms. Moak.

On March 21, 2017, after Ms. Moak had been tentatively accepted as a juror, the trial court held a hearing outside the presence of the jury regarding use of certain evidence under La.Code Evid. art. 412.2. At that time, the trial court also took up the issue of Defendant's claim that, while being transported to the courthouse that morning, he and Ms. Moak "made eye contact and I could just tell by the expression on her face that she recognized me." Defendant stated that he was dressed in the same civilian clothing he was wearing during court and that he was unshackled while riding in the front seat of the marked police unit in which he was being transferred. Defendant testified he immediately informed Ben West of the Vernon Parish Sheriff's Office, the officer transporting him to the courthouse, whom Defendant claimed told him "not to worry about it."

Deputy West confirmed he was in uniform while transporting Defendant. Deputy West testified they saw two ladies walking across the street, and Defendant recognized one of them as a juror in his case. Subsequently, Ms. Shawn Moak was called into the courtroom and the following exchange occurred between Ms. Moak and the trial court:

> Q. Okay. My question that I have to you, Ms. Moak, is as far as today is concerned, at any time have you seen Mr. Walls outside of the courthouse or the courtroom today?
>
> A. No, sir.
>
> Q. You're clear about that?
>
> A. Yes, sir.
>
> Q. All right.
>
> A. Today?

4

**Q.** Today; outside of the courthouse or the courtroom today?

**A.** No, sir.

Ms. Moak acknowledged she did park in the parking lot in which Defendant testified he saw her. The trial court then ruled:

> All right, as far as I'm concerned gentlemen, Ms. Moak has indicated that she did not see Mr. Walls. If she did, I have no reason to -- no indication from her that she's not being truthful. She looked me dead in the eye whenever she answered those questions and I believe her. So, I don't think we have a problem. Let's proceed.

At that point, defense counsel objected to the ruling but noted "I think we can readdress that when we -- when we do our back strikes." As noted by the State, there is no evidence that Ms. Moak was ever removed from the jury or that Defendant used a peremptory challenge to remove her. Also, the record includes a list of the venire members removed by peremptory challenges. Although the list indicates Defendant did in fact use all twelve of his peremptory challenges, Ms. Moak was not one of them.

In *State v. Odenbaugh,* 10-268, pp. 23-27 (La. 12/6/11), 82 So.3d 215, 236-38, *cert. denied*, 568 U.S. 829, 133 S.Ct. 410 (2012), the supreme court stated:

> The United States Constitution's Sixth Amendment guarantees the accused the right to a trial by an impartial jury. The Louisiana Constitution Article I, Section 17(A) provides that a defendant has a right to challenge jurors peremptorily, with the number being fixed by law at twelve. LSA-C.Cr.P. art. 799. When a defendant uses all of his peremptory challenges, a trial judge's erroneous ruling depriving him of one of his peremptory challenges constitutes a substantial violation of his constitutional and statutory rights, requiring reversal of the conviction and sentence. *State v. Jacobs,* 99-1659, p. 5 (La.6/29/01), 789 So.2d 1280, 1284; *State v. Cross,* 93-1189 La.6/30/95), 658 So.2d 683, 686; *State v. Maxie,* 93-2158 (La.4/10/95), 653 So.2d 526, 534; *State v. Robertson,* 92-2660 (La.1/14/94), 630 So.2d 1278, 1280. A trial court is vested with broad discretion in ruling on challenges for cause, and its rulings will be reversed only when a review of the entire voir dire reveals the trial judge abused its discretion. *Robertson,* 92-2660, 630 So.2d at p. 1281. Prejudice is presumed when a challenge for cause is erroneously denied by a trial court and the defendant has exhausted his peremptory challenges. *Cross,* 93-1189 at 1192, 658 So.2d at 686; *State v. Robertson,* 92-2660 at 3-4, 630 So.2d at 1280; *State v. Ross,* 623 So.2d 643, 644 (La.1993). An erroneous ruling

depriving an accused of a peremptory challenge is a substantial violation of his constitutional and statutory rights and constitutes reversible error. *Cross,* 93-1189 at p. 6, 658 So.2d at 686; *State v. Bourque,* 622 So.2d 198, 225 (La.1993).

"A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied." *State v. Jones,* 474 So.2d 919, 926 (La.1985). However, a trial court does not abuse its discretion when it refuses to excuse a prospective juror on the ground he is not impartial where, after further inquiry or instruction, the potential juror has demonstrated a willingness and ability to decide the case impartially according to the law and evidence. *Robertson,* 92-2660 at p. 4, 630 So.2d at 1281. Thus, to establish reversible error warranting reversal of a conviction and sentence, defendant must demonstrate "(1) erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges." *Id.* at 1281. In the instant case, it is undisputed that defense counsel exhausted his peremptory challenges, and, therefore, need only show that the trial court abused its discretion by denying a challenge for cause.

. . . .

[W]hile cognizant of the broad discretion afforded a district court when ruling on cause challenges, this Court has cautioned that a prospective juror's responses cannot be considered in isolation and that a challenge should be granted, "even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably [inferred]." *State v. Jones,* 474 So.2d 919, 929 (La.1985); *See State v. Frost,* 97-1771, p. 4 (La.12/1/98), 727 So.2d 417, 423; *Maxie,* 93-2158 at 16-17, 653 So.2d at 535; *State v. Hallal,* 557 So.2d 1388, 1389-1390 (La.1990) (per curiam); *State v. Brown,* 496 So.2d 261, 264-65 (La.1986); *State v. Smith,* 430 So.2d 31, 38 (La.1983). Yet a refusal to disqualify a prospective juror on grounds he is biased does not constitute reversible error or an abuse of discretion if, after further examination or rehabilitation, the juror demonstrates a willingness and ability to decide the case fairly according to the law and evidence. *State v. Howard,* 98-0064, pp. 7-10 (La.4/23/99), 751 So.2d 783, 795-797[.]

Louisiana Code Criminal Procedure Article 799, in pertinent part, provides that "[i]n trialS of offenses punishable by death or necessarily by imprisonment at hard labor, each defendant shall have twelve peremptory challenges, and the state twelve for each defendant." In *State v. Richards*, 17-1135, p. 16 (La.App. 3 Cir. 6/6/18), 247 So.3d 878, 891, this court noted:

6

However, even if the trial court abused its discretion when it denied the challenges for cause, this assignment of error has no merit in that Defendant cannot show prejudice. As noted, to prove reversible error, a defendant is required to show an erroneous denial of a challenge for cause and the use of all his peremptory challenges. *See State v. Turner*, 96-845 (La.App. 3 Cir. 3/5/97), 692 So.2d 612, *writ denied*, 97-2761 (La. 2/20/98), 709 So.2d 773.

In the current case, for each potential juror challenged for cause and subsequently denied by the trial court, Defendant had peremptory challenges available to excuse the juror after the trial court denied his challenge for cause. He was not forced to accept a juror he felt was prejudicial to his case because all of his peremptory challenges were used. Defendant has failed to show prejudice in this case.

The issue with Ms. Moak arose on the morning of March 21, 2017. Defendant had peremptory challenges remaining when the trial court denied his challenge for cause, using the last of them on March 22, 2017. Defendant had the opportunity to remove Ms. Moak from the jury and apparently chose not to do so.

Furthermore, Defendant cannot prove the trial court erred in denying his challenge for cause. As noted above, the trial judge is vested with broad discretion in ruling on challenges for cause.

This is necessarily so because the trial court has the benefit of seeing the facial expressions and hearing the vocal intonations of the members of the jury venire as they respond to questioning by the parties' attorneys. *State v. Lee*, 93-2810, p. 9 (La.5/23/94), 637 So.2d 102, 108. Such expressions and intonations are not readily apparent at the appellate level where a review is based on a cold record. *Id.*

*State v. Munson*, 12-327, p. 9 (La.App. 5 Cir. 4/10/13), 115 So.3d 6, 12, *writ denied*, 13-1083 (La. 11/22/13), 126 So.3d 476.

Defendant stated he and Ms. Moak made eye contact and he knew she recognized him. Ms. Moak specifically stated she had not seen Defendant outside of the courtroom, and the trial court stated he believed her statements. We find no support for Defendant's contention the trial court abused its discretion. Therefore, this assignment of error lacks merit.

7

## ASSIGNMENTS OF ERROR NUMBERS TWO, THREE, AND FOUR

As noted above, Uniform Rules—Courts of Appeal, Rule 2-12.4(A) requires an appellant's brief to contain:

> (9) the argument, which shall contain:
>
> > (a) appellant's contentions, with reference to the specific page numbers of the record and citations to the authorities on which the appellant relies,

As noted by the first circuit in *State v. Hawkins*, 633 So.2d 301, 308 (La.App. 1 Cir. 1993):

> According to Uniform Rules–Courts of Appeal Rule 2–12.4, an argument on an assignment of error in a brief shall include a suitable reference by volume and page to the place in the record which contains the basis for the alleged error. This Court may disregard an argument on that error in the event suitable reference to the record is not made.

Additionally, Uniform Rules—Courts of Appeal Rule 2-12.4(B)(3) specifically states "The court may disregard the argument on an assignment of error or issue for review if suitable reference to the specific page numbers of the record is not made."

Defendant's second assignment of error is that the trial court erred in allowing testimony from a retired Georgia police officer regarding an out-of-court statement Defendant gave admitting to a prior sexual act with one of the victims. His third and fourth assignments of error allege he was prejudiced by the State's reference to, and introduction of, a witness who the court ruled could not testify during closing. None of these assignments of error contain a single record reference wherein the reference has any connection to the issues discussed. Furthermore, the record contains six volumes and 1357 pages.

Despite this court providing Defendant an opportunity to correct and supplement his brief, Defendant failed to provide a single appropriate record reference to support assignments of error two, three, and four. Accordingly, this court will dismiss these assignments of error.

## ASSIGNMENT OF ERROR NUMBER FIVE

In his final assignment of error, Defendant contends that:

The sentence(s) were excessive considering the age of the [D]efendant and the conduct for which he was accused of in the case-at-bar, being premised on the other alleged behavior in other jurisdictions for which he was not on trial in the instant case.

This is the same argument presented in Defendant's motion to reconsider. On May 24, 2017, the trial court sentenced Defendant to eighteen years at hard labor without benefits on each count with the sentences to run consecutively "due to this being an issue of having occurred on multiple occasions to multiple victims."

Under La.R.S. 14:81.2(B)(2), Defendant's conviction for molestation of a juvenile carried a possible fine of "not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than five nor more than twenty years, or both." Under La.R.S. 14:81(H)(2), Defendant's conviction for indecent behavior with a juvenile carried a sentencing range of "imprisonment at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence."

Louisiana courts have laid out the following guidelines with regard to excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionat0e to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as

excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes.

The following is Defendant's argument for why his sentences are excessive:

> The age and health of [Defendant] make plain that the sentence imposed by the court is effectively a life sentence. The [D]efendant suggests that the harshness of the sentences is a by-product of the

court's view of alleged behavior in other jurisdictions for which he was not on trial in the instant case and for which he has been neither prosecuted nor convicted.

As noted by the State, Defendant does not specifically contest the consecutive nature of his sentences, nor does he give any support for his contention the trial court based its sentencing decisions on unrelated other crimes. Given the vague nature of Defendant's argument, we will examine this claim as a bare excessiveness claim using the factors specifically enumerated in *Baker*: nature of the crime, nature of Defendant, and sentences imposed for similar crimes.

With regard to the crimes in question, Defendant was convicted of molestation of a juvenile against S.H., who was thirteen at the time of the offense; and one indecent behavior with a juvenile against J.H., who was eleven at the time of the offense. The molestation conviction resulted from Defendant anally penetrating the thirteen-year old victim, while the indecent behavior resulted from Defendant chasing the eleven-year old victim around the living room with his penis hanging out of his underwear. As both of Defendant's present convictions involve sex offenses against children, there can be no question regarding the severity of the offenses. The trial court also noted the girls were both in counseling as a result of these incidents.

Defendant, at the time of the crimes, was a sixty-three-year old man, married with six children of his own and three stepchildren. Although Defendant cites his age as a reason why his sentence is excessive, the trial court noted Defendant appears to be in good health, despite some prior issues with cancer. Defendant has worked as an aircraft mechanic following his time in the United State Navy between 1971 and 1977. There was no history of drug or alcohol abuse reported; however, Defendant has a prior conviction for child molestation from 1977.

In *State v. A.B.M.*, 10-648 (La.App. 3 Cir. 12/8/10), 52 So.3d 1021, this court upheld a fifteen-year sentence for molestation of a juvenile to run consecutively with

a fifteen-year sentence for incest. This court found the sentence was not an abuse of discretion given the defendant was the victim's father and the victim was frequently entrusted to his care, the victim was only eleven years old, and she would deal with emotional issues for the rest of her life. Likewise, the second circuit in *State v. Freeman*, 44,419 (La.App. 2 Cir. 6/24/09), 13 So.3d 1241, upheld a nineteen-year sentence for a man convicted of molestation of a juvenile over whom he had control where the facts indicated the defendant had forced his nine-year-old stepdaughter to perform oral sex on him and doctors indicated she had been anally penetrated.

In *State v. Armstrong*, 29,942 (La.App. 2 Cir. 10/29/97), 701 So.2d 1350, the second circuit upheld a maximum sentence for indecent behavior for a sixty-five-year old convicted of fondling his nine-year-old stepgranddaughter. The court noted:

> Defendant abused a position of trust and responsibility for his own perverted sexual interests without regard to the lifelong harm he could cause to the victim. There is no excuse, justification or mitigation for such misconduct. On the showing made, we do not find an abuse of discretion. The sentence is not constitutionally excessive and is adequately supported by the record.

*Id*. at 1351.

We cannot say the trial court abused its discretion in imposing consecutive eighteen-year sentences where Defendant, a man in his sixties, anally penetrated a thirteen-year old and chased an eleven-year old around the room with his penis hanging out of his underwear, both occurring as a result of Defendant's friendship with the family and occurring while Defendant was entrusted with supervision of the child in question. This assignment of error lacks merit.

## DECREE

For the foregoing reasons, this court orders the commitment order to be corrected to accurately reflect the trial court's order that the sentences are to be

12

served consecutively to one another.  In all other respects, Defendant's convictions and sentences are affirmed.

**AFFIRMED WITH INSTRUCTIONS.**