701 So.2d 1350 (1997)
STATE of Louisiana, Appellee,
v.
Orville E. ARMSTRONG, Appellant.
No. 29942-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
John Michael McDonald, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul Carmouche, District Attorney, Eron J. Brainard, Assistant District Attorney, for Appellee.
Before NORRIS, BROWN and CARAWAY, JJ.
BROWN, Judge.
Defendant, Orville Armstrong, pled guilty as charged to one count of indecent behavior with a juvenile, a violation of La. R.S. 14:81, and received the maximum sentence of seven years at hard labor and a fine of $5,000. A timely motion for reconsideration was denied. Defendant urges that the sentence is excessive and that the trial court failed to articulate adequately its reasons for the sentence. We affirm.

Facts
During June and July of 1994, the victim, a nine-year-old-resident of Des Moines, Iowa, visited her grandmother and step-grandfather (defendant) who resided in Shreveport, Louisiana. In July 1995, the victim reported to the Des Moines authorities that her stepgrandfather had fondled her breasts and vaginal area repeatedly during the visit. The Des Moines authorities then contacted the Shreveport Police Department to take over the investigation as the statute of limitations had run in Iowa. During a post-Miranda interview, the 65-year-old defendant admitted to fondling the child on at least two occasions. He denied any other indecent acts with juveniles.[1]

*1351 Discussion

Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offence or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Davis, 28,662 (La.App.2d Cir. 09/25/97), 680 So.2d 1296.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La. App.2d Cir. 09/25/96), 682 So.2d 777; State v. Washington, 29,478 (La.App.2d Cir. 04/02/97), 691 So.2d 345.
Prior to imposing sentence, the trial court considered a presentence investigation report primarily containing letters. The victim being a member of defendant's family, the court considered letters from other family membersnamely his daughter and stepdaughterwhich stated that defendant had molested his daughter as a child and his nieces and granddaughters for years. The court determined that defendant had ruined the lives of these women and concluded that there was a likelihood that defendant would commit another offense if granted probation or a suspended sentence. Further, defendant's wife had filed for divorce, leaving defendant with no place to live in Shreveport. He stated that his only option was to return home to his mother's house in Des Moines, where the victim also resides. Defendant's age was not a mitigating factor as he is in good health.
Considering all the circumstances, we do not find the sentence to be excessive. Defendant abused a position of trust and responsibility for his own perverted sexual interests without regard to the lifelong harm he could cause to the victim. There is no excuse, justification or mitigation for such misconduct. On the showing made, we do not find an abuse of discretion. The sentence is not constitutionally excessive and is adequately supported by the record.
Our error patent review discloses that the trial court failed to inform the defendant of the prescriptive period for post-conviction relief as required by La.C.Cr.P. art. 930.8. The trial court is directed to send appropriate written notice to defendant within 10 days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the proceedings.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.
NOTES
[1] The victim's cousin reported to the Des Moines authorities that her step-grandfather had also fondled her on several occasions while she visited him in Shreveport.