# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1275


**STATE OF LOUISIANA**

**VERSUS**

**DARRELL BRENT WHATLEY**


************

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT,
PARISH OF EVANGELINE, NO. 64517FA,
HONORABLE JOHN L. VIDRINE, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and Glenn B. Gremillion Judges.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

Sullivan, J., dissents and would affirm the sentence.

**Anthony C. Dupre**
**Attorney at Law**
**Post Office Box Drawer F**
**Ville Platte, LA 70586**
**(337) 363-3804**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Darrell Brent Whatley**

**Raymond J. LeJeune**
**Assistant District Attorney**
**1401 Poinciana Avenue**
**Mamou, LA 70554**
**(337) 468-2229**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State of Louisiana**

PETERS, J.

The defendant, Darrell Brent Whatley, was charged by bill of information with the offense of indecent behavior with a juvenile, a violation of La.R.S. 14:81. After a jury convicted him of the offense, the trial court sentenced him to serve seven years at hard labor, suspended two of the seven years, and ordered that he be placed on three years supervised probation after his release from prison. At the end of the sentencing hearing, the defendant orally moved that the trial court reconsider the sentence. The trial court rejected the motion. The defendant then perfected this appeal. All three assignments of error address the correctness of the sentence imposed. For the following reasons, we set aside the sentence and remand the matter for resentencing.

The defendant's victim was a sixteen-year-old female. He had known the victim's family for approximately twenty years before the offense. According to the victim's mother, the defendant was known to the family primarily because the victim's older sister and the defendant's daughter began school at the same time and had played ball together through their high school years. The defendant was not a close family friend and had not visited the home for years before the offense giving rise to this conviction.

On the evening of June 10, 2002, the victim's family had been invited to supper at a relative's home. The victim chose to stay at home. She testified that at approximately 9:00 or 9:30 p.m., the defendant knocked on the front door of her home. According to the victim, as soon as she opened the door, "[the defendant] just walked in and he started hugging me and he said, where's your momma at and I was like, well she's at the camp, and then he started hugging me and he told me how pretty I was and that he loved me and he kissed me." The victim testified that she tried to push him away, but she was unable to break contact with him. At some point, the defendant released her, and, as she retreated to her bedroom, the defendant followed

her. She then informed the defendant that she was watching a movie and wanted to be alone.

The victim testified that when she entered her bedroom she sat on the floor and leaned against her bed. The defendant then positioned himself on the bed directly above her, and, as she sat between his legs, the defendant began to rub her back, neck, and the sides of her breasts, all the time telling her that she was beautiful and that he loved her. According to the victim, she got up from the floor and told the defendant that she was leaving. She testified that, at this point, the defendant again hugged her and "kind of slipped his hands in the back of [her] pants." Breaking free, she ran from the house, got into her car and cranked it up as if to leave. The defendant then left in his truck, and the victim returned to the house and called her older sister to report the incident. The victim's sister testified that when she arrived at the house fifteen minutes later, the victim was hysterical, was shaking uncontrollably, and did not want anyone to touch her.

The defendant admitted entering the victim's house and her bedroom but denied fondling her. According to the defendant, the only physical contact occurred when he placed his hand on her shoulder sometime during their conversations and when he hugged her as he left. The jury obviously accepted the victim's testimony and returned a guilty verdict.

The defendant was fifty-three years old at the time of the offense, was unemployed due to a back injury he sustained in 1988, and was a first felony offender. At the sentencing hearing, he expressed remorse for all that had happened and testified that he was willing to compensate the victim and her family for the medical expenses arising from the offense.

The victim's mother testified at the sentencing hearing that, as a result of the incident, her daughter initially refused to leave the house, could not eat, and suffered nightmares when she was able to sleep. The victim received professional counseling for a number of months after the incident but still developed a fear of being around men. According to her mother, when the victim attempted to return to school, she lasted less than one hour before she began crying and shaking. It became necessary to have her educated at home. Because of her emotional problems, the victim lost approximately thirty pounds and continues to suffer from depression. Her mother requested that the trial court impose an incarceration sentence on the defendant despite his first offender status.

In sentencing the defendant, the trial court stated the following:

> I have considered the input from the defendant, I've considered the input from the victim's family, and I've considered the guidelines set forth in the Louisiana Code of Criminal Procedure Article 894.1 and other applicable sentencing statutes, 894.1 part (a) begins where the Court shall impose a sentence of imprisonment if any of the following occur: One, if there's an undue risk of it occurring again; Secondly, the defendant is in need of correctional treatment of a custodial environment, and third, which I've really considered heavily, that a lesser sentence will deprecate the seriousness of the crime. I'm particularly impressed by the fact that the victim is a young girl of tender years, and I've considered deeply the psychological impact that this has had upon her.

In his three assignments of error, the defendant asserts that the trial court imposed an excessive sentence, failed to comply with the mandatory provisions of La.Code Crim.P. art. 894.1 by not giving adequate consideration to the substantial mitigating circumstances presented in this matter, and erred in denying his motion to reconsider his sentence. In considering these assignments of error, we first note that at the sentencing hearing, the defendant's counsel objected to the defendant's sentence in the following manner:

> Your Honor, at this time I would like to . . . orally move for a reconsideration of the sentence which has just been imposed by the

Court . . . based upon all of the evidence and factors which were adduced at the hearing which we've just had a few moments ago, in other words based on the same evidence.

Louisiana Code of Criminal Procedure Article 881.1(E) provides in pertinent part that "[f]ailure . . . to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." The defendant's motion failed to comply with La.Code Crim.P. art. 881.1(E), and, therefore, this court is relegated to a bare claim of excessiveness. *State v. Barling*, 00-1241, 01-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331.

Louisiana Revised Statutes 14:81(C) provides in pertinent part that "[w]hoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both." Thus, the trial court sentenced the defendant to the maximum incarceration sentence and suspended only two years of that sentence.

A review of the jurisprudence of this state establishes that numerous decisions have been rendered upholding maximum or near-maximum sentences imposed on individuals convicted of a single count of indecent behavior with a juvenile. However, each of these cases contain factual elements significantly different from the matter before us. *See State v. Delgado*, 03-46 (La.App. 3 Cir. 4/30/03), 845 So.2d 581 (upholding a near-maximum sentence where a twenty-one-year-old second felony offender was found naked in bed with a thirteen-year-old victim); *State v. Kirsch*, 02-0993 (La.App. 1 Cir. 12/20/02), 836 So.2d 390 (upholding a maximum sentence where a neighbor and close family friend exposed the eight-year-old victim to sexually explicit material and comments, removed her clothes and viewed her "private

4

parts," and touched her vaginal area through her clothing), *writ denied*, 03-0238 (La. 9/5/03), 852 So.2d 1024; *State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36 (upholding a maximum sentence where a sixty-nine-year-old wheelchair bound man originally charged with aggravated oral sexual battery and aggravated crimes against nature of a three-year-old neighbor benefitted from a plea bargain); *State v. Lisotta*, 98-646 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (upholding a near maximum sentence where a teacher played pornographic movies for his sixteen-year-old-victim and, on one occasion, removed her clothing, inserted his fingers in her vagina, and told her he was going to have sex with her), *writ denied,* 99-0433 (La. 6/25/99), 745 So.2d 1183; *State v. Armstrong*, 29,942 (La.App. 2 Cir. 10/29/97), 701 So.2d 1350 (upholding a maximum sentence where a step-grandfather fondled a nine-year-old victim on two separate occasions as she visited in his home).

The Eighth Amendment to the United States Constitution and La.Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a

5

defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996).

The fifth circuit, in *Lisotta,* 726 So.2d at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,
2. The nature and background of the offender, and
3. The sentence imposed for similar crimes by the same court and other courts.

The offense of indecent behavior with a juvenile is a heinous crime. It involves the use of innocent children to satisfy the sexual desires of an adult and requires the commission of a "lewd or lascivious act" upon, or in the presence of the child. La.R.S. 14:81. In this case, the defendant fondled the victim's breasts and buttocks. Clearly, society finds such activity inexcusable. Still, the legislature has seen fit to limit the incarceration penalty to a maximum of seven years at hard labor, and as previously stated, the maximum penalty is reserved for the worst offenders. *Farhood*, 844 So.2d 217.

The defendant was fifty-three years old at the time of the offense and apparently had led a crime-free life. While the evidence indicates that he did use some physical restraint of the victim, the offense entailed no physical violence. Additionally, despite the clear opportunity to do so, the defendant did not attempt to press his physical and timing advantage on his victim. Instead, after she rebuffed his advances, he left. The nature of the defendant's touching, although inexcusable, is not compatible with the degree of touching associated with those cases in which the courts have chosen to render a maximum sentence.

In this case, the trial court "considered deeply the psychological impact" the defendant's actions had on the victim. However, the record reflects that the victim

6

admitted that she was already "somewhat depressed" at the time of the incident because of the recent deaths of her great-grandmother, uncle, and a close family friend. In fact, the victim had seen a physician in April of 2002, or two months before the offense, for "depressive behavior." The state has not cited any indecent behavior cases comparable to the defendant's where the maximum sentence was imposed. Considering only a bare claim of excessiveness, and without considering the merits of the specific assignments of error, we still conclude that, based on the record before us, the evidence does not establish that the defendant is one of those worst offenders upon whom the maximum penalty should be imposed. We find that the trial court abused its wide discretion in sentencing the defendant to the maximum incarceration sentence for this particular offense.

## DISPOSITION

For the foregoing reasons, we vacate and set aside the sentence imposed on the defendant, Darrell Brent Whatley, and remand the case to the trial court for resentencing.

**SENTENCE VACATED AND SET ASIDE; REMANDED FOR RESENTENCING.**