STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-434

STATE OF LOUISIANA

VERSUS

WAHHAD HAZZIEZ
a/k/a JOHNNY JOHNSON

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 01-K-2650-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

JAMES T. GENOVESE
JUDGE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, James T. Genovese, and Chris J. Roy, Sr.,\* Judges.

**AFFIRMED.**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     Wahhad Hazziez a/k/a Johnny Johnson


**Earl B. Taylor**
**District Attorney – Twenty-Seventh Judicial District**
**ADA Jennifer M. Ardoin**
**Post Office Drawer 1968**
**Opelousas, Louisiana 70571-1968**
**(337) 948-0551**
**COUNSEL FOR APPELLEE:**
     State of Louisiana

---

     \*Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**GENOVESE, Judge.**

On February 27, 2002, the Defendant, Wahhad Hazziez a/k/a Johnny Johnson, was indicted for indecent behavior with a juvenile under the age of seventeen, in violation of La.R.S. 14:81. The Defendant entered an *Alford*[1] plea of guilty to the charge on February 14, 2008, and was sentenced that same day to four years at hard labor with credit for time served from the date of his arrest, June 21, 2001. The sentence was then suspended, and the Defendant was placed on active supervised probation for three years, with general and special conditions of probation. On March 4, 2008, the Defendant's sentence was amended to reflect that the conditions of active supervised probation included compliance with the Sex Offender Act, La.R.S. 15:542, *et seq.*

On March 14, 2008, the Defendant's sentence was amended a second time when the trial court was informed that the Defendant was classified as a third felony offender and, therefore, ineligible for probation. Accordingly, the trial court removed the probated portion of his sentence. The Defendant orally motioned the trial court to reconsider his sentence, which was denied.

The Defendant is now before this court on appeal, asserting that his sentence is excessive and was imposed without sufficient consideration of La.Code Crim.P. art. 894.1. For the reasons that follow, we affirm the Defendant's sentence.

### FACTS

The facts set forth in the record at the Defendant's guilty plea indicate that the Defendant, who was approximately fifty-six years of age at the time of the alleged offense, touched the breast of a girl under the age of seventeen and placed his hand

---

[1]An *Alford* plea is a guilty plea accompanied by a claim of innocence made pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

1

on her thigh.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the Defendant argues that his sentence is constitutionally excessive and was imposed without sufficient consideration of La.Code Crim.P. art. 894.1. Counsel for the Defendant orally motioned to reconsider the Defendant's sentence following the second amendment to his sentence, but did not set forth a specific ground in support of reducing the sentence. "Failure to . . . include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). Because defense counsel clearly failed to argue that the trial court did not comply with La.Code Crim.P. art. 894.1, the Defendant is relegated to having this court consider the bare claim of excessiveness.

As stated by this court in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad

discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1.    The nature of the crime,

2.    The nature and background of the offender, and

3.    The sentence imposed for similar crimes by the same court and other courts.

*See also State v. Semien*, 06-841 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, 1197, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397.

Also in *Whatley*, 867 So.2d at 959, this court stated that "[t]he offense of indecent behavior with a juvenile is a heinous crime," as "[i]t involves the use of innocent children to satisfy the sexual desires of an adult and requires the commission of a 'lewd or lascivious act' upon, or in the presence of the child. La.R.S. 14:81." In the instant case, the facts set forth at the Defendant's guilty plea indicate that the Defendant, who was approximately fifty-six years of age at the time of the offense, touched the breast of a girl under the age of seventeen and placed his hand on her thigh.[2] The maximum sentence as provided in La.R.S. 14:81(H)(1) is seven years, with or without hard labor. Thus, the Defendant received just over half of the maximum possible sentence. The Defendant was also spared a possible fine of up to $5,000.00.

As to the nature and background of the Defendant, his conviction was the result of an *Alford* plea, and a pre-sentence investigation was not ordered. Thus, there are

---

[2]The Defendant was sixty-three years old at the time of sentencing; the offense occurred on June 21, 2001.

only limited facts to review regarding same. At sentencing, the trial court stated that it had considered the guidelines set forth by La.Code Crim.P. art. 894.1 and noted the following factors it felt were pertinent in sentencing the Defendant. The trial court observed that the Defendant was sixty-three years old and was classified as a second felony offender, having been convicted of a felony in the early to mid 1970s. No additional facts regarding the felony were provided. When the Defendant's sentence was amended the second time, the trial court noted that the Defendant was, in fact, a third felony offender. However, no additional facts were provided, such as the nature of the prior crimes or the dates the prior felonies were committed.

Lastly, we have reviewed the jurisprudence involving similar sentences for the same crime. In *State v. Robinson*, 43,063 (La.App. 2 Cir. 2/13/08), 975 So.2d 853, the trial court imposed a five-year hard labor sentence, suspended, upon the defendant who grabbed the buttocks of a fourteen-year-old girl for a few moments and tried to run his hands up her shirt before she could run away. There was evidence that he had also engaged in similar groping behavior with another victim. On appeal, the court noted that the defendant's five-year hard labor sentence was at the upper end of the sentencing range, but did not find that it shocked the sense of justice, especially in light of the fact that the term of imprisonment was suspended in its entirety in favor of two years supervised probation.

In *State v. Whatley*, 06-316 (La.App. 3 Cir. 11/2/06), 943 So.2d 601, *writ denied*, 06-2826 (La. 8/31/07), 962 So.2d 424, this court affirmed the defendant's

4

five-year hard labor sentence, eighteen months of which would be suspended.[3] In the defendant's previous appeal, *State v. Whatley*, 03-1275 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, this court made the following observations with regard to the factors associated with the defendant's sentence. First, the defendant touched the sides of the sixteen-year-old victim's breasts through her clothing and placed his hand into the back of her pants. Also, at the time of the offense, the defendant was fifty-three years of age and had led a crime-free life. Further, the evidence indicated that the defendant used some physical restraint, but no physical violence. Lastly, when the victim rebuffed the defendant's advances, he did not attempt to press his physical and timing advantage on his victim. This court concluded that, while the nature of the defendant's touching was inexcusable, it was not compatible with the degree of touching associated with cases wherein the courts chose to render a maximum sentence.

We have reviewed several cases addressing excessive sentencing for indecent behavior with a juvenile. In *State v. Logwood*, 37,178 (La.App. 2 Cir. 5/14/03), 847 So.2d 115, the second circuit concluded that the defendant's sentence of five years on each of two counts of indecent behavior with a juvenile for fondling his niece's vaginal area was not excessive.

In *State v. Delgado*, 03-46 (La.App. 3 Cir. 4/30/03), 845 So.2d 581, the twenty-one-year-old defendant and the thirteen-year-old victim had been drinking and were

---

[3]We note that the *Whatley* matter was before this court on appeal on three separate occasions. In the first appeal, *State v. Whatley*, 03-1275, (La.App. 3 Cir. 3/3/04), 867 So.2d 955, we found that the maximum seven-year sentence was excessive, vacated and set aside the sentence, and remanded the case to the trial court for resentencing. In the second appeal, *State v. Whatley*, an unpublished opinion bearing docket number 04-724 (La.App. 3 Cir. 12/8/04), an error patent existed in that the trial court suspended a portion of the Defendant's sentence without placing him on probation. As a result of same, the defendant's sentence was vacated and set aside, and the case was remanded for resentencing.

found in bed, naked from the waist down, with the defendant lying on top of the victim. This court found that a sentence of five years for indecent behavior with a juvenile was not excessive in light of the fact that the defendant was a second felony offender who benefitted from a plea bargain.

In *State v. Jones*, 34,863 (La.App. 2 Cir. 8/22/01), 794 So.2d 107, *writ denied*, 01-2648 (La. 8/30/02), 823 So.2d 938, the defendant's behavior included having the nine-year-old victim roll her hips, fondling, digital penetration, and oral sex. The court concluded the defendant's five year sentence for indecent behavior with a juvenile was not excessive.

In *State v. Collins*, 32,409 (La.App. 2 Cir. 9/22/99), 763 So.2d 618, the defendant attempted to remove the victim's shorts and underwear and began to fondle her. The defendant also licked behind the victim's ears and on her chest and blocked her access to the door when she attempted to leave the bedroom. The court held that the defendant's sentence of three and one-half years for indecent behavior with a juvenile was not excessive.

In *State v. Douglas*, 28,518 (La.App. 2 Cir. 8/21/96), 679 So.2d 469, the court held that the defendant's three year sentence for indecent behavior with a juvenile was not excessive. The defendant was a first felony offender who abused a position of trust when he had sexual intercourse several times with his stepdaughter.

**CONCLUSION**

Although the actions of the Defendant in the instant case, touching the breast of a girl under the age of seventeen and placing his hand on her thigh, are not as extreme as those in the cases referred to above, the Defendant's four-year sentence is proportionate to the sentences in *Robinson* and *Whatley*. We also note that the

6

Defendant does not dispute his classification as a third felony offender and that his entire sentence would have been suspended otherwise. Lastly, the Defendant did not receive a maximum or near-maximum sentence. Although the trial court concluded that only a few facts were pertinent to this case, it, nonetheless, confirmed that it had considered the guidelines set forth by La.Code Crim.P. art. 894.1. As such, we find that the trial court did not abuse its discretion; therefore, the Defendant's sentence is affirmed.

**AFFIRMED.**