NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1265

STATE OF LOUISIANA

VERSUS

FELICIA ANN LUNO

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 286,938
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**George Lewis Higgins, Attorney at Law**
**P.O. Box 3370**
**Pineville, LA 71361-3370**
**Counsel for Defendant-Appellant:**
    **Felicia Ann Luno**

**Loren Lampert, Assistant District Attorney**
**Office of the District Attorney**
**P.O. Box 1472**
**Alexandria, LA 71301**
**Counsel for Appellee:**
    **State of Louisiana**

**PAINTER, Judge.**

Defendant, Felicia Ann Luno, appeals her conviction and sentence on the charge of possession of hydrocodone. For the following reasons, we affirm with instructions to the trial court that it inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to her within ten days of the rendition of this opinion and that it file written proof in the record of the proceedings that she received said notice.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2006, Alexandria police responded to a complaint reported by Defendant that a vehicle was following her and trying to run her off the road. During the officer's investigation, he contacted headquarters to see if Defendant had any outstanding warrants. When the officer was advised that Defendant had an outstanding warrant, she was arrested. The officer retrieved Defendant's purse from her car and was advised by Defendant that she had four hydrocodone pills in her purse. Four pills wrapped in plastic were located in Defendant's purse, but there was no prescription bottle. The pills were later analyzed and determined to contain 10 mg of hydrocodone and differing dosages of acetaminophen–two pills with 650 mg of acetaminophen and two pills with 325 mg of acetaminophen.

Defendant was charged with possession of CDS III, hydrocodone, a violation of La.R.S. 40:968(C).[1] A bench trial was held, and Defendant was found guilty as charged. Defendant was sentenced to serve three years at hard labor, with credit for time served. Defendant filed a motion to reconsider sentence which was summarily denied without reasons. This appeal followed.

---

[1] As discussed in the *Errors Patent* section of this opinion, we note that this charge incorrectly identifies hydrocodone as a Schedule III drug and cites the wrong statute.

1

**DISCUSSION**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. We find two errors patent.

First, the bill of information cites the wrong schedule and the wrong statutory citation for possession of hydrocodone. At the sentencing hearing, the trial court referred to the crime as possession of "CDS III." However, hydrocodone is listed as a Schedule II substance rather than a Schedule III substance. Additionally, the correct citation for a violation of possession of hydrocodone is La.R.S. 40:967 rather than La.R.S. 40:968(C).

The erroneous citation of a statute in the charging instrument is harmless error as long as the error does not mislead the defendant to his prejudice. La.Code Crim.P. art. 464. In the present case, Defendant does not allege any prejudice because of the erroneous citation. Additionally, although the trial court continued to refer to the crime as possession of "CDS III" at sentence, the sentence imposed by the trial court was legal. La.R.S. 40:967(C)(2). Accordingly, this court finds that this error is harmless.

Second, the record does not indicate that the trial court advised Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, we hereby direct the trial court to inform Defendant of the provisions of article 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

2

*Evidence of Prior Crimes*

In her first two assignments of error, Defendant argues that the trial court erred in admitting evidence of other crimes and acts. Defendant asserts that evidence of similar prior crimes is not admissible to prove that she committed the instant offense. Additionally, Defendant contends that the prejudicial effect of admitting the evidence completely outweighed its probative value as provided by La.Code Evid. Art. 403. Defendant also complains that the trial court erred in admitting this evidence without complying with prior notice requirements.

In opposition to Defendant's alleged errors, the State asserts that Defendant does not offer citations to specific portions of the record, and thus, this court should not review the entire record to support Defendant's argument. As noted in Uniform Rules–Courts of Appeal, Rule 2-12.4:

> The argument on a specification or assignment of error in a brief shall include a suitable reference by volume and page to the place in the record which contains the basis for the alleged error. The court may disregard the argument on that error in the event suitable reference to the record is not made.

In her brief, Defendant does not refer to the record or otherwise identify the place(s) which contains the basis for the alleged error. Accordingly, this court will disregard Defendant's argument with respect to these assignments of error.

*Excessive Sentence Claim*

In her final assignment of error, Defendant argues that her sentence is excessive, asserting that her sentence harms society and her family. Defendant maintains that she is the curator and caregiver of her mentally retarded brother who suffers from Down's Syndrome and diabetes.

3

In her motion to reconsider sentence, Defendant did not set forth a specific ground upon which her motion was based, stating only that her sentence was excessive. "Failure to . . . include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). Defendant did not argue that the sentence was a hardship on her family and society. Accordingly, this issue is not properly before this court, and Defendant is relegated to a bare claim of excessiveness.

In *State v. Semien*, 06-841, pp. 11-12 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, 1197, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397, this court stated:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:
>
> 1. The nature of the crime,
>
> 2. The nature and background of the offender, and

> 3. The sentence imposed for similar crimes by the same court and other courts.
>
> *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59 first two alterations in original.

Under the guidelines of *Lisotta*, the nature of the offense in the instant matter is possession of hydrocodone, a violation of La.R.S. 40:967(C). The offense carries a maximum sentence of five years, with or without hard labor, and a possible fine of not more than $5,000.00.

A review of the second prong of the *Lisotta* guidelines reflects that the forty-five-year-old Defendant had six prior felony convictions, two of which involved possession of CDS and one for driving under the influence of drugs. The trial court also noted that the instant offense was Defendant's twenty-ninth arrest and that she has been arrested a total of thirty-two times in Rapides Parish. Additionally, Defendant was on probation for DWI, fourth offense, at the time of the instant offense. The trial court observed that Defendant was not eligible for a suspended sentence or probation because of her six prior felony convictions and concluded that she was in need of correctional treatment or a custodial environment.

Finally, the third *Lisotta* factor is addressed by reviewing the sentences imposed for similar crimes. In *State v. Cowart*, 03-880 (La.App. 5 Cir. 11/25/03), 862 So.2d 225, the defendant was convicted of possession of hydrocodone and received the maximum sentence of five years at hard labor. The facts reflect that the twenty-six-year-old defendant was subdued and arrested when he resisted an officer's attempt to conduct a pat-down search. A white pill, which was later determined to be hydrocodone, was found in a plastic divider in the defendant's wallet. During his transport to jail, the defendant admitted that the pill was hydrocodone, that he obtained it from a friend, and that he did not have a prescription for the pill. The

5

defendant was later charged as a habitual offender, his original sentence was vacated, and he was sentenced to seven years. The defendant had a prior conviction for simple robbery and was on parole at the time of the offense.

In the instant case, Defendant did not receive the maximum possible sentence, and her sentence is comparable to sentences imposed in similar cases. Further, Defendant was not charged as a habitual offender and, thus, was spared a maximum possible sentence of ten years as a second felony offender. La.R.S. 15:529.1. Accordingly, in light of Defendant's criminal history, we find that the trial court did not impose an excessive sentence. Defendant's sentence is, therefore, affirmed.

**DECREE**

We affirm both Defendant's conviction and sentence for possession of hydrocodone. However, the trial court is instructed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.