NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-538

STATE OF LOUISIANA

VERSUS

CHRISTOPHER VINCENT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 18125-10
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

AFFIRMED.

John Foster DeRosier
District Attorney – 14th Judicial District Court
Karen C. McLellan
Assistant District Attorney – 14th Judicial District Court
P. O. Box 3206
Lake Charles, LA 70602-3206
Telephone: (337) 437-3400
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
Telephone: (337) 991-9757
COUNSEL FOR:
    Defendant/Appellant - Christopher Vincent

**THIBODEAUX, Chief Judge.**

Defendant, Christopher Vincent, entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970) to two counts of indecent behavior with a juvenile, violations of La.R.S. 14:81(H)(2). He was initially indicted by a grand jury with two counts of aggravated rape and two counts of sexual battery.

He appeals his consecutive twenty years at hard labor sentences, with ten years to be served without benefit of parole, probation, or suspension of sentence, as excessive. We affirm.

## ISSUE

We shall consider whether the sentences imposed on this twenty-two-year-old first-time offender are excessive.

## LAW AND DISCUSSION

### Excessiveness of Sentences

Defendant was originally charged with two counts of aggravated rape of a juvenile, which carry mandatory sentences of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, and two counts of sexual battery on a minor, which carry sentences of twenty-five to ninety-nine years, with at least twenty-five years served without benefit of probation, parole, or suspension of sentence. *See* La.R.S. 14:42(D)(2)(b) and La.R.S. 14:43.1(C)(2). However, Defendant pled guilty to two counts of indecent behavior with a juvenile, which carry sentences of two to twenty-five years at hard labor, with at

least two years to be served without benefit of probation, parole, or suspension of sentence. *See* La.R.S. 14:81(H)(2).

At the conclusion of the sentencing hearing, which included testimony by the father of the minor victims, the court sentenced Defendant to twenty years at hard labor on each count, to be served consecutively, with ten years of each sentence to be served without benefit of probation, parole, or suspension of sentence. Defendant filed a motion to reconsider sentence, in which he claimed that he was twenty-two years old and had no prior adult convictions at the time of the offenses. He also alleged that he "has a substantial possibility of becoming a responsible adult by the end of his twenties" and that the sentences imposed are "cruel." The trial court denied the motion without written reasons. Defendant repeats these claims on appeal and also contends that, as noted by the trial court, he "had limited educational understanding" and "had gotten through maybe the 8[th] grade." Defendant argues the length and consecutive nature of the sentences make them excessive and constitute a "defacto [sic] life sentence."

In evaluating excessive sentence claims, this court has previously stated, in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious

2

violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

During sentencing, the trial judge stated that he considered the presentence investigation report (PSI), as well as an abstract of Defendant's juvenile record. The latter indicated that Defendant had previously been adjudicated for sex offenses and that the "nature of the charges are sexual battery and forcible rape." The judge also noted that, in the instant case, the original charges of aggravated rape "would have been entirely appropriate." Defendant does not contest the trial court's characterization of information contained in the PSI. Finally, the trial judge noted Defendant's limited educational background and the fact that the victims in this case were small children before sentencing Defendant to twenty years on each count of indecent behavior with a juvenile, to run consecutively, with ten years to be served without probation, parole, or suspension of sentence. Specific details of the offenses committed against the children in the current case are not listed in the record and were not described by either the State or trial court.

While Defendant cited his youth and lack of education as mitigating factors warranting concurrent sentences, the State noted that the offenses involved two separate, very young victims. Consecutive sentences are warranted when the offenses committed do not arise out of the same course of conduct or were not part of a common scheme. *See* La.Code Crim.P. art. 883 and *State v. Pierre*, 02-277 (La.App. 3 Cir. 6/11/03), 854 So.2d 945, *writ denied*, 03-2042 (La. 1/16/04), 864 So.2d 626. Further, the State noted that Defendant was facing possible sentences of life imprisonment, plus lengthy additional terms, and benefitted substantially from the plea.

Sentences of similar length for indecent behavior with a juvenile have been routinely upheld on review. As found in *Whatley*, 867 So.2d at 958:

> *See State v. Delgado*, 03-46 (La.App. 3 Cir. 4/30/03), 845 So.2d 581 (upholding a near-maximum sentence where a twenty-one-year-old second felony offender was found naked in bed with a thirteen-year-old victim); *State v. Kirsch*, 02-0993 (La.App. 1 Cir. 12/20/02), 836 So.2d 390 (upholding a maximum sentence where a neighbor and close family friend exposed the eight-year-old victim to sexually explicit material and comments, removed her clothes and viewed her "private parts," and touched her vaginal area through her clothing), *writ denied*, 03-0238 (La.9/5/03), 852 So.2d 1024; *State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36 (upholding a maximum sentence where a sixty-nine-year-old wheelchair bound man originally charged with aggravated oral sexual battery and aggravated crimes against nature of a three-year-old neighbor benefitted from a plea bargain); *State v. Lisotta*, 98-646 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (upholding a near maximum sentence where a teacher played pornographic movies for his sixteen-year-old-victim and, on one occasion, removed her clothing, inserted his fingers in her vagina, and told her he was going to have sex with her), *writ denied*, 99-0433 (La.6/25/99), 745 So.2d 1183; *State v. Armstrong*, 29,942 (La.App. 2 Cir. 10/29/97), 701 So.2d 1350 (upholding a maximum sentence where a step-grandfather fondled a nine-year-old victim on two separate occasions as she visited in his home).

Accordingly, the trial court did not abuse its discretion in sentencing Defendant as the sentences imposed are not excessive. This contention by Defendant has no merit.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. There are no errors patent, but the minutes of sentencing are in need of correction.

The minutes of sentencing provide that the trial court ordered Defendant to serve twenty years at hard labor on each count with "at least ten (10) years of which is to be served without the benefit of probation, parole or suspension of sentence." The sentencing transcript clarified that ten years of each sentence would be served without those benefits. Additionally, the Uniform Commitment Order, which was signed by the trial judge, indicated that the trial court ordered the first ten years of each sentence to be served without the benefit of probation, parole, or suspension of sentence. "[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Thus, we order the trial court to amend the minutes of the sentencing proceedings to accurately reflect the sentencing transcript that the ten years of each sentence are to be served without the benefit of probation, parole, or suspension of sentence. *See State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352.

## CONCLUSION

The trial court is instructed to amend the minutes of sentencing to accurately reflect the sentencing transcript. Defendant's sentences are affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.