STATE OF LOUISIANA       *       NO. 2023-KA-0806

VERSUS       *

      **COURT OF APPEAL**

CHARLES M. BANKS JR.       *

      **FOURTH CIRCUIT**

      *

      **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 556-843, SECTION "G"
Judge Nandi Campbell
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Rachael D. Johnson)

**LOBRANO, J., CONCURS IN THE RESULT**

Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
ASSISTANT DISTRICT ATTORNEY
City of New Orleans
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR APPELLEE/STATE OF LOUISIANA


Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

      COUNSEL FOR DEFENDANT/APPELLANT


      **AFFIRMED**
      **MAY 24, 2024**

Appellant, defendant Charles M. Banks, Jr. ("Defendant"), seeks review of the September 18, 2023 district court ruling, sentencing him to serve four 25-year sentences to run concurrently without the benefit of parole, probation, or suspended sentence for each of his convictions: two counts of indecent behavior with a juvenile under the age of 13 in violation of La. Rev. Stat. 14:81(H)(2); one count of attempted sexual battery of a victim under the age of 13 in violation of La. Rev. Stat. 14:27(43.1(C)(2)); and, one count of attempted first degree rape in violation of La. Rev. Stat. 14:27(42(A)(4)). Finding no abuse of the district court's vast discretion, we affirm.

## Facts and Procedural History

On January 26, 2023, a six-count indictment was returned against the Defendant. The indictment alleged, in counts one through three, that between January 2016 and early May 2019, Defendant committed first degree rape of Victim 1,[1] who was under the age of 13, in violation of La. Rev. Stat. 14:42(A)(4). And in count four, it alleged that between January 2016 and early May 2019,

_____

[1] The victims are being identified as Victim 1 and Victim 2 herein because the victims are minors, who share the same initials, D.M. *See* Rule 5-2 of the Uniform Rules—Courts of Appeal.

1

Defendant committed sexual battery on Victim 1 in violation of La. Rev. Stat. 14:43.1(C)(2).

Counts five and six pertain to Victim 2  The indictment alleged in count five, that between January 2016 and early May 2019, Defendant committed first degree rape on Victim 2, who was under the age of 13, in violation of La. Rev. Stat. 14:42(A)(4). And in count six, it alleged that between January 2016 and early May 2019, Defendant committed sexual battery on Victim 2, who was under the age of 13, in violation of La. Rev. Stat. 14:43.1(C)(2).

Defendant pleaded not guilty to all charges on February 1, 2023 and subsequently waived his right to a jury trial.  A two-day bench trial commenced on September 11, 2023. At trial, the State presented 10 witnesses, including both victims, as well as: Doctors Paige Culotta and Neha Metha; Victim 2's grandmother, Linda Williams; the victims' mothers, Courtney Miller and Gabrielle Moore; Kate Homan, a forensic interviewer at the New Orleans Children's Advocacy Center; Det. Kimberly Wilson, and Sgt. Bianca Boone of the New Orleans Police Department. The Defendant and his mother, Sheila Jefferson, testified on his behalf.

According to the testimony of Courtney Miler and Gabrielle Moore, the Defendant sexually assaulted their daughters while attending Sheila Jefferson's daycare. Courtney Miller testified that her daughter, Victim 2, was five-years-old when the sexual abuse first occurred. Gabrielle Moore testified that Victim 1 was seven-years-old when the Defendant initially sexually abused her.  The Defendant and Sheila Jefferson refuted this testimony.  Ms. Jefferson testified that the victims were never left in the Defendant's care when she left the house, but rather were left with her husband.

The district court recessed the trial after closing arguments and set a ruling date of September 18, 2023. On the ruling date, the district court found Defendant not guilty on counts three and six, but returned the following verdicts: count one- guilty of indecent behavior with a juvenile under the age of 13 in violation of La. Rev. Stat. 14:81(H)(2); count two- guilty of indecent behavior with a juvenile under the age of 13 in violation of La. Rev. Stat. 14:81(H)(2); count four- guilty of attempted sexual battery of a victim under the age of 13 in violation of La. Rev. Stat. 14:27(43.1(C)(2)); and count five- guilty of attempted first degree rape in violation of La. Rev. Stat. 14:27(42(A)(4)). Three of the Defendant's four convictions pertain to Victim 1, while the latter conviction solely pertains to Victim 2.

The Defendant waived sentencing delays. At the conclusion of the September 18, 2023 hearing, the district court sentenced him to serve 25 years imprisonment without the benefit of parole, probation, or suspended sentence with respect to counts one, two, four and five to be served concurrently, with credit for time served. The Defendant did not make a contemporaneous objection to the 25-year sentence nor did he file a motion to reconsider the sentence.

This timely appeal followed. Defendant's sole assignment of error on appeal is that the district court imposed lengthy sentences without parole that are excessive, cruel and unusual.

## Errors Patent

Our review of the record reveals one error patent, the indictment is unsigned by the grand jury foreperson. The record includes a copy of the front of the indictment, but not a copy of the back— where the grand jury foreperson would normally have signed. Nevertheless, the district court's minute entry reflects that

that the grand jury indictment was returned in open court on January 26, 2023, and was signed by the grand jury foreperson.

This Court has previously held that where the district court's minutes reflect "that a true bill was returned and the grand jury return of indictments reflects that the indictment was signed by the grand jury foreperson," there is no reversible error. *State v. Hawkins*, 16-0458, p. 13 (La. App. 4 Cir. 5/17/17), 219 So.3d 1133, 1141 (citation omitted). This Court further held that a defendant's failure to object to alleged deficiencies in an indictment and to file a motion to quash the indictment on that basis waived those errors. *Id.*

Thus, in the instant matter, there is no reversible error. The court's minute entry reflects that a true bill was returned and signed by the grand jury foreperson in open court and, further, that the Defendant failed to preserve this error on appeal by objecting in the district court or moving to quash the indictment.

### Excessive Sentences

Defendant's sole assignment of error on review is that the district court's imposition of upper range sentences without parole is excessive because he is a first time offender. The State argues that the Defendant is precluded from raising this issue on appeal because he did not object to his sentence in the lower court, nor did he file a motion to reconsider, as required by La. Code Crim. Proc. art. 881.1,[2] to preserve this issue for appeal. This is partially incorrect.

In support of its argument, the State relies on this Court's holdings in *State v. Summers,* 10-0341, p. 11 (La. App. 4 Cir. 12/1/10), 52 So.3d 951, 958 (holding that where the defendant "failed either to object or to file a motion to reconsider,

---

[2] "In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence." La. Code Crim. Proc. art. 881.1 (A)(1).

4

he failed to preserve the issue of the excessiveness of his sentence for appeal"), and *State v. Johnson,* 93-2092*,* p. 4 (La. App. 4 Cir. 6/30/94), 639 So.2d 1236, 1239 (holding that a defendant failed to preserve his excessive sentence argument for appeal when he failed to move to reconsider his sentence pursuant to La. Code Crim. Proc. art. 881.1").

In more recent years, however, this Court reasoned that when a defendant neither objects to a sentence nor files a motion for reconsideration in the lower court, he or she is still entitled to a bare review for constitutional excessiveness. *State v. Manuel,* 21-0273 (La. App. 4 Cir. 4/6/22), 337 So.3d 967. The *Manuel* Court explained:

> Before reviewing the merits of the claim, our review of the record reflects that defendant failed to object to the sentence at the time it was imposed and, thereafter, failed to file a motion to reconsider sentence. Pursuant to La. C.Cr.P. art. 881.1, a defendant's failure to make or file a motion to reconsider sentence shall preclude defendant from urging on appeal any grounds of objection to the sentence. *See State v. Kirkling*, 04-1906, pp. 5-6 (La. App. 4 Cir. 5/18/05), 904 So.2d 786, 790. Due to his failure to object and file a motion to reconsider his sentence, appellate review of defendant's sentence is "limited to a bare review for constitutional excessiveness." *State v. Zeitoun*, 17-0366, p. 10 (La. App. 4 Cir. 11/8/17), 231 So.3d 934, 945.

*Id.,* 21-0273, p. 14, 337 So.3d at 974-75.

Similarly, the record here reflects that the Defendant failed to object to the concurrently running 25-year sentences at the time of his sentencing, nor did he file a motion to reconsider his sentences. Therefore, in accordance with this Court's current jurisprudence, our review of the Defendant's sentences is limited to a review for constitutional excessiveness.

5

## Constitutional Excessiveness

The imposition of excessive sentences is prohibited by Article I, § 20 of the Louisiana Constitution. Additionally, the Eighth Amendment to the United States Constitution "prohibits cruel and unusual punishments, including not just barbaric punishments, but also those that are disproportionate to the crime committed." *State v. Ferguson*, 19-01247, p. 2 (La. 12/22/20), 307 So. 3d 198 (citation omitted).

When a sentence "makes no measurable contribution to acceptable goals of punishment or amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime," it is unconstitutionally excessive. *Id.* The excessiveness of a sentence is a question of law. *State v. Freeman*, 23-0074, p. 6 (La. App. 4 Cir. 2/7/23), 357 So.3d 880, 885.

District courts have broad discretion in imposing sentences, and reviewing courts will not set aside a sentence for excessiveness absent a manifest abuse of discretion. *Id.* "A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion when imposing a sentence." *State v. Diaz*, 20-381, p. 26 (La. App. 5 Cir. 11/17/21), 331 So.3d 500, 519-20 (citation omitted). In determining when a "penalty is grossly disproportionate to the crime," appellate courts "must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." *State v. Bonanno*, 384 So.2d 355, 358 (La. 1980).

As noted above, the Defendant was sentenced to 25 years for each of his four convictions, without benefit of parole, probation, or suspension of sentence with credit for time served.

The Defendant raises the following three issues as to his sentences: 1) the district court failed to cite to the factors enumerated in La. Code Crim. Proc. art. 894.1 and to demonstrate its consideration of mitigating factors; 2) his two respective sentences of 25 years without benefit of parole, probation, or suspended sentence for his convictions for indecent behavior with a juvenile (Victim 1) are excessive; and, 3) the mid-range sentences imposed for his convictions of attempted sexual battery of Victim 1 and attempted first degree rape of Victim 2, respectively, are excessive.

Initially, the Defendant asserts that the district court failed to cite to the factors enumerated in La. Code Crim. Proc. art. 894.1 and to demonstrate its consideration of mitigating factors. As previously discussed, the Defendant failed to object to his sentences or file a motion for reconsideration of his sentences. *See Manuel*, 21-0273, p. 14, 337 So.3d at 974-75. Therefore, he is precluded from raising this issue on appeal.

Defendant further argues that the maximum sentence of 25 years without the benefit of probation, parole or suspended sentence that he received for his conviction for indecent behavior with a juvenile is excessive.[3] He relies upon *State v. Whatley,* 03-1275 (La. App. 3 Cir. 2004), 867 So.2d 955, wherein the Third Circuit held that the maximum sentence imposed for the crime of indecent behavior with a juvenile was excessive where the 16 year-old victim was able to rebuff the defendant's sexual assault. Moreover, the defendant was a 53 year-old

---

[3] Louisiana Revised Statute 14:81(H)(2) provides that the punishment for an adult who "commits the crime of indecent behavior with juveniles on a victim under the age of thirteen" is punishment "by imprisonment at hard labor for not less than two years nor more than twenty-five years." "At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence." *Id.*

man with no prior criminal history. *Id*., 03-1275, p. 6, 867 So.2d at 959. The Defendant's reliance upon *Whatley* is misplaced here.

In the instant matter, the facts and testimony adduced at trial reflect that Victim 1 was around seven-years-old when she was violated by the Defendant— as opposed to the 16-year-old *Whatley* victim— and that she was more vulnerable to the Defendant, who was viewed as a family member by Victim 1 and her mother, according to their testimony. Moreover, Victim 1 was unable to fend-off the Defendant's assault, as the *Whatley* victim did. Lastly, considering the Defendant's youth, as opposed to the middle-aged *Whatley* defendant, the district court did not err in declining to give favorable consideration to the Defendant's short-lived crime-free life. This argument is without merit.

The Defendant's final argument is that the mid-range sentences imposed for his conviction for attempted sexual battery of Victim 1 and attempted first degree rape of Victim 2 were excessive. Below we note the statutory sentencing ranges for both offenses.

"Whoever commits the crime of sexual battery on a victim under the age of thirteen years old when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years." La. Rev. Stat. 14:43.1(C)(2). Moreover, La. Rev. Stat. 14:27(D)(3) provides, in pertinent part: "In all other cases he shall be … imprisoned … in the same manner as for the offense attempted; such … imprisonment shall not exceed … one-half of the longest term of imprisonment prescribed for the offense so attempted…." Thus, as Defendant admits his 25 year-sentences, respectively, are less than the 50 year-sentences that could have been imposed for each of these convictions.

Similarly, for attempted first degree rape, the maximum sentence Defendant could have received was 50 years imprisonment without benefit of parole, probation, or suspension of sentence, pursuant to La. Rev. Stat. 14:42(D)(2)(b) and La. Rev. Stat. 14:27(D)(1)(a), but the district court sentenced him to only 25 years.

The Defendant fails to cite any legal authority for the proposition that these mid-range sentences are excessive, especially considering the youth and fragility of the victims— Victim 1 was seven-years-old and Victim 2 was somewhere between five to seven-years-old, respectively— at the time Defendant sexually abused them. These sentences appear to be proportionate to his crimes. We cannot say that the district court abused its vast discretion in sentencing the Defendant to 25 years for each of these convictions.

Furthermore, these two respective 25-year sentences were ordered to run concurrently, as opposed to consecutively. The distinction here is that while the district court had the discretion to impose consecutive sentences, under La. Code Crim. Proc. art. 883, and thereby have the Defendant serve 50 years, the district court instead chose to impose concurrent sentences. Thus, by doing so, the district court effectively cut the Defendant's sentence in half. *See State v. Magee*, 23-0350, p. 14 (La. App. 4 Cir. 11/3/23), 377 So.3d 338, 346 (holding that a defendant's excessive sentence claim was meritless because the district court decreased the "Defendant's possible prison time from twenty years to ten years" by ordering his sentences to run concurrently).

Considering that *all* of the Defendant's sentences were ordered to run concurrently, he will essentially be serving 25 years total for all four of his convictions. Based on the foregoing, we reject his claim that his sentences are

9

constitutionally excessive and find instead that the sentences imposed are proportionate to the Defendant's crimes.

## DECREE

For the foregoing reasons, we affirm the district court's September 18, 2023 ruling.

**AFFIRMED**